**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL TAMAYO TORRES, JR., | CASE NO. 1:08-cv-00428-AWI-GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE ANY CLAIMS, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| MARLIN SNYDER, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Manuel Tamayo Torres, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff filed this action on March 6, 2008

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.      Issues and Claims

Plaintiff's claims arise from events which occurred while he was housed at the California Correctional Institution in Tehachapi.  Plaintiff is seeking unspecified relief from Psych Tech Marlin Snyder, and Correctional Officers Bellinger, Blankershim, and Granillo.

The bases for Plaintiff's legal claims are not clear from the complaint, although Plaintiff is alleging violation of the First Amendment, the Eighth Amendment, and the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff, who alleges he is Caucasian, contends that he has encountered repeated problems because staff refuse to believe he is white or classify him as such, which causes him to be housed with other races and has led to the lengthening of his sentence. Plaintiff also alleges that he was taunted, made fun of, and generally treated cruelly.

### A.      Type of Relief Sought

Plaintiff filed suit on a 42 U.S.C. § 1983 complaint form, but alleges in several places that he is filing a petition for writ of habeas corpus. (Comp., pg. 7 & 8.)  However, Plaintiff is alleging that he was subjected to conditions of confinement while at the California Correctional Institution which violated his constitutional rights.  A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution.  28 U.S.C. § 2254(a).  While challenges to a state court's incarceration of a petitioner or the length of that incarceration are proper in a petition for writ of habeas corpus, challenges to the *conditions of prison life* are properly brought under section 1983.  See McCarthy v. Bronson, 500 U.S. 136, 142, 111 S.Ct. 1737, 1741-1742 (1991); Preiser v. Rodriguez, 411 U.S. 475, 498-99 n.15, 93 S.Ct. 1827, 1840-1841 n.15 (1973);

Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Given the nature of Plaintiff's claims, relief is appropriately sought via section 1983 rather than habeas corpus.

### B. First Amendment Claims

Although Plaintiff alleges his rights to freedom of religion and free association were violated, he has not alleged any facts supporting those legal claims. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987). Beliefs which are both sincerely held and rooted in religious belief trigger the protection of the Free Exercise Clause, Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008) (quotations and citations omitted), while the right of freedom of association protects the right to enter into and maintain intimate human relationships, and the right to associate for the purposes of engaging in protected First Amendment activities, Roberts v. United States Jaycees, 468 U.S. 609, 618, 104 S.Ct. 3244 (1984).

Because of the absence of any factual support, the Court cannot ascertain how Plaintiff's First Amendment rights were infringed upon and by whom. These claims fail as a matter of law.

### C. Eighth Amendment Claims

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff has not alleged any facts that would support a claim that Defendants knowingly disregarded a substantial risk of harm to Plaintiff. Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810

F.2d 923, 925 (9th Cir. 1987).  Plaintiff's complaint does not state any cognizable Eighth Amendment claims.

### D.  Equal Protection Claims

Finally, Plaintiff alleges he has encountered trouble because of his last name and has been subjected to hate crimes.  "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'"  Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

There are no facts alleged in the complaint which demonstrate that any of the defendants intentionally discriminated against Plaintiff based on his race.  Accordingly, Plaintiff fails to state a claim.

### III.  Conclusion and Recommendation

Plaintiff's complaint is dismissed for failure to state any claims upon which relief may be granted, with leave to amend to cure the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Under section 1983, Plaintiff is required to show that each defendant named in the complaint (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right.  Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the

deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). In order to state a claim, Plaintiff must link each named defendant with actions or omissions that violated his rights. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint is dismissed for failure to state any claims upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to state any claims upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   September 22, 2008**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

5